# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEVIN GARRETT,

     Petitioner,  :  Case No. 3:19-cv-191

 - vs -        District Judge Walter H. Rice
           Magistrate Judge Michael R. Merz

Warden,
 Toledo Correctional Institution,

           :
     Respondent.

## REPORT AND RECOMMENDATIONS

 This is a habeas corpus case brought *pro se* by petitioner Devin Garrett to obtain relief from his conviction in the Montgomery County Court of Common Pleas on charges of aggravated robbery and felonious assault with firearm specifications. The case has been referred to the undersigned under 28 U.S.C. § 636(b).

 The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases which provides that the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

 On the face of the Petition, Garrett shows that his conviction occurred on March 10, 2016, and he was sentenced on March 23 (ECF No. 1,PageID 1). He then appealed to the Second District Court of Appeals, which affirmed the conviction. *State v. Garrett*, 2nd Dist. Montgomery No.

27264, 2017-Ohio-8492 (Nov. 9, 2017). Garrett did not file a timely appeal to the Supreme Court of Ohio, so his time to file a petition for writ of habeas corpus began to run on the last day on which he could have done so, forty-five days after the appellate court judgment—no later than December 24, 2017. His conviction became final on that date.

Habeas corpus actions under 28 U.S.C. § 2254 are subject to a one-year statute of limitations, codified at 28 U.S.C. § 2244(d) which provides:

> (d)
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Garrett does not allege any events that would bring his case within § 2244(d)(1)(B), (C), or (D). The deadline for filing would therefore be one year from the date the conviction became

final, December 24, 2018. Because Petitioner is incarcerated, his Petition would have been timely if it had been deposited on the prison mail system not later than that day.

On November 30, 2017, Garrett filed an Application to Reopen his direct appeal under Ohio R. App. P. 26(B) to raise issues of ineffective assistance of appellate counsel. The Second District denied that Application on January 16, 2018 (Petition, ECF No. 1, PageID 3, 49-55). Because that application was a timely collateral attack on the final judgment, it tolled the statute for the from the time the conviction became final on December 24, 2017, until it was decided twenty-three days later. This would make Garrett's deadline January 17, 2019.

Asked by the federal courts' standard habeas petition form to explain why the statute of limitations does not bar his Petition, Garrett writes: "The judgement of conviction became final on November 9, 2017. Petitioner had until December 24, 2018, to file this present application. Therefore the Petition is untimely, but should be allowed to proceed (Please see Exhibit (A)[)]." (Petition, ECF No. 1, PageID 16). There is no attachment labeled Exhibit. Considered together, the attached papers appear to be from various levels of the state court system in this case, in particular showing that Garrett filed a motion for delayed direct appeal in the Supreme Court of Ohio on November 26, 2018 (Motion, ECF No. 1-1, PageID 30), explaining he retained counsel to perfect an appeal and none was taken. *Id*. at PageID 31. That motion was denied without explanation on January 23, 2019. *State v.* Garrett, 154 Ohio St. 3d 1478, 2019-Ohio-173.

Garrett's Petition was received in this Court on June 21, 2019. It was postmarked June 19, 2019 (Envelope, ECF No. 1-2, PageID 58). Garrett's Petition does not contain a representation of when he deposited it in the prison mail system, so the Court counts the postmark as the filing date. Calculated in that way, the Petition is a little over six months late.

Garrett argues the Court should excuse his failure to file in the Supreme Court of Ohio

3

because he retained an attorney to file that appeal who failed to do so (Motion, ECF No. 1-1, PageID 31). If the Court were to reach the merits of the grounds raised on direct appeal to the Second District, it would then decide whether the attorney's apparent abandonment excused Garrett's delay in filing the motion for delayed appeal.

However, the Court cannot reach that question because the Petition is untimely. To put it another way, the attorney's failure to file in the state Supreme Court does not excuse Garrett's failure to timely file in this Court. Garrett has presented no basis for equitable tolling of the statute nor evidence of actual innocence which would excuse the delay.

Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 24, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).