# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEVIN GARRETT,

              Petitioner,      :      Case No. 3:19-cv-191

   - vs -                          District Judge Walter H. Rice
                                          Magistrate Judge Michael R. Merz

Warden,
  Toledo Correctional Institution,

                                 :
              Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by petitioner Devin Garrett to obtain relief from his conviction in the Montgomery County Court of Common Pleas on charges of aggravated robbery and felonious assault with firearm specifications.

On initial review under Rule 4 of the Rules Governing § 2254 Cases. The Magistrate Judge concluded the Petition was barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(Report, ECF No. 2). Upon Petitioner's Objections (ECF No. 6) and Judge Rice's Recommittal Order (ECF No. 7), the Magistrate Judge withdrew that recommendation and ordered the Warden to answer the Petition (ECF No. 8). With the Court's permission, the Warden has filed a Motion to Dismiss prior to answering (ECF No. 14) to which Petitioner has responded (ECF No. 18).

1

**Litigation History**

Petitioner was convicted at trial by a Montgomery County petit jury of aggravated robbery with a deadly weapon, felonious assault with a deadly weapon, and kidnapping. His conviction became final September 3, 2016, when he was sentenced to nine years imprisonment. With the assistance of new counsel, he timely appealed to the Ohio Second District Court of Appeals which affirmed the conviction. *State v. Garrett,* 2017-Ohio-8492 (2nd Dist. Nov. 9, 2017). Garrett did not timely appeal to the Supreme Court of Ohio, so his conviction became final for purposes of the statute of limitations on December 24, 2017, the last day to timely appeal.

Eleven months later on November 26, 2018, Garrett filed a motion for delayed appeal in the Supreme Court of Ohio (State Court Record, ECF No. 12, PageID 184). As reason for the delay, he claimed his appellate attorney had not filed a notice of appeal and otherwise failed to communicate with him. *Id.* at PageID 185, relying on *Gunner v. Welch,* 749 F.3d 511 (6th Cir. 2014). In a form Entry on January 23, 2019, the Supreme Court of Ohio denied leave to file a delayed appeal (State Court Record, ECF No. 12, PageID 202).

On November 30, 2017, Petitioner filed an application to reopen his direct appeal under Ohio R. App. P. 26(B). *Id.* at PageID 203. The Second District denied that application on January 16, 2018. *Id.* at PageID 216, et seq. Garrett never appealed from that denial to the Supreme Court of Ohio. He effectively filed his Petition for Writ of Habeas Corpus in this Court June 19, 2019, the date it was postmarked (Envelope, ECF No. 1-2, PageID 58).

**The Warden's Position**

The Warden claims the Petition is untimely. He calculates the date of finality as December 24, 2017, the last date Garrett could have timely filed a direct appeal to the Supreme Court of Ohio. One year later is December 26, 2018.[1] The rime would have run on that date except that it was tolled by pendency of the 26(B) application from November 30, 2017, until that application was denied on January 17, 2018. The statute began to run that day and was not tolled (interrupted) until 313 days later when Garrett sought a delayed direct appeal in the Supreme Court of Ohio and remained tolled until that motion was denied on January 23, 2019. It then began to run again and expired fifty-two days later on March 17, 2019. Because the Petition was not filed until June 19, 2019, it was more than three months late.

**Garrett's Position**

In opposition to the Motion to Dismiss, Petitioner asserts that his filing was timely because June 19, 2019,[2] is less than one year after he exhausted his state court remedies on January 23, 2019 (Response to Motion to Dismiss, ECF No. 18, PageID 297).

---

[1] The Warden calculates the date as December 25, 2018, but because that is Christmas, a legal holiday, Garrett's time ran until December 26, 2018, by virtue of Fed.R.Civ.P. 6.
[2] Garrett is counting the date of docketing, although he is entitled to the earlier date of mailing.

3

## Analysis

The statute of limitations in 28 U.S.C. § 2244(d) begins to run on the date a defendant's conviction becomes final. Under § 2244(d)(2), that time is interrupted (tolled) by the proper filing of a collateral attack on the conviction. As Respondent concedes, the statute in this case was tolled while Garrett's App. R. 26(B) application was filed. It was then tolled again when he applied to the Supreme Court of Ohio to allow a delayed appeal. But the time does not start over when a collateral attack is denied. By the time Garrett filed for a delayed direct appeal, 313 days had already run and there were only fifty-three days left when the Supreme Court denied his delayed appeal.

**Conclusion**

Because the Warden's calculation of time is correct, the Motion to Dismiss should be granted and the Petition dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 26, 2019.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).