# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEVIN GARRETT,

                Petitioner,          :          Case No. 3:19-cv-191

  - vs -                            District Judge Walter H. Rice
                                          Magistrate Judge Michael R. Merz

Warden,
  Toledo Correctional Institution,

                                        :
                Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed as untimely (the "report," ECF No. 19). District Judge Rice has recommitted the case for reconsideration in light of the Objections.

In his Objections, Garrett relies on the fact that his habeas Petition was filed within a year of the last decision in the Ohio courts. As he shows in his Objections, that was the denial by the Supreme Court of Ohio of his motion for delayed appeal, which happened on January 23, 2019 (See Supreme Court Case Information Sheet, ECF No. 20-1, PageID 312). Garrett filed in this Court on June 19, 2019, which the Report recognizes as being "less than one year after he exhausted his state court remedies on January 23, 2019" (ECF No. 19, PageID 305).

Garrett's Objections essentially ask how the federal courts can insist on exhaustion of state court remedies and then not count the statute of limitations as beginning to run when the last of

1

those remedies is exhausted. The answer is simply this: once a state conviction becomes final on direct appeal, the statute of limitations begins to run. In this case that happened on December 24, 2017, because that is the last date on which Garrett could have filed an appeal of right – without asking permission – in the Supreme Court of Ohio. If Garrett had timely filed an appeal of right to the Supreme Court of Ohio, his time to file in habeas would not have begun to run until that court decided the appeal. In fact, if Garrett had lost in the Supreme Court of Ohio and then, within the next ninety days, filed a petition for review in the Supreme Court of the United States, the statute would not have begun to run until that Court decided his case or decided not to take it.

As it is, however, Garrett did not timely file in the Supreme Court of Ohio. His time began to run on the last day he could have appealed as a matter of right and continued to run until he asked the Supreme Court of Ohio to grant him a delayed appeal, which was 313 days later. The statute then stopped running because Garrett filed his motion for delayed appeal. If the Supreme Court of Ohio had granted that motion, the one-year statute would have started over when it finally decided the appeal. But because it denied the motion, the running of the statute was merely interrupted, not started over.

Garrett asks for special consideration because he is proceeding *pro se*. The federal courts will liberally construe the pleadings of *pro se* litigants, trying to give them the benefit of the doubt about the meaning of what they file. But we are not authorized to ignore the statute of limitations the Congress has enacted to give *pro se* litigants more time.

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge again

2

recommends that the Petition be dismissed because it was untimely filed. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 2, 2020,

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.